UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,  **REPORT AND RECOMMENDATION**

v.  24-CR-00071(LJV)(JJM)

JARREAU ROBINSON,

            Defendant.

---

       The above case was referred to me by District Judge Lawrence J. Vilardo, with consent of the defendant, to take the defendant's plea of guilty and to conduct an allocution pursuant to Fed. R. Crim. P. ("Rule") 11 for a Report and Recommendation. The following is my Report and Recommendation as to the defendant's plea of guilty.

       On July 16, 2024, defendant entered a plea of guilty to Count 1 of the Information charging him with the illegal transfer of machineguns, in violation of 18 U.S.C. § 922(o).[1] It is my recommendation that defendant's plea of guilty accords with the requirements of Rule 11, and that defendant should therefore be adjudged guilty of the offense to which the guilty plea was offered.

       The parties agree that the previous exclusion of time from the Speedy Trial Act calendar entered in 24-mj-01028(JJM) that excluded time in the interest of justice through and including August 1, 2024 operates to exclude time in this action. *See* June 26, 2024 Text Order in

---

[1] Count 1 of the Information alleges that the "machineguns" are three "machinegun conversion devices used to modify semi-automatic firearms to fire as fully automatic weapons". The parties agree that the Supreme Court's recent decision in Garland v. Cargill, 602 U.S. 406 (2024) does not apply to the conduct charged in Count 1 of the Information.

24-mj-01028 [17].² If an additional exclusion of time beyond August 1, 2024 is required, the parties may make application to Judge Vilardo.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by July 30, 2024. Any requests for an extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not

---

²     Bracketed references are to the CM/ECF docket entries.

raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: July 16, 2024

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge